UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON K. WEBB,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY PUBLIC DEFENDER'S OFFICE, et al.<br><br>Defendants. | No. 2:25-cv-02156-DC-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On August 1, 2025, plaintiff DeVon K. Webb, proceeding pro se, filed a complaint, a motion to proceed in forma pauperis, and a motion requesting a preliminary injunction under Federal Rule of Civil Procedure 65. (ECF Nos. 1-3.) Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's motion for injunctive relief is appropriate for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion for injunctive relief should be denied.

**I.    Background**

Plaintiff filed his complaint "as brother and care provider for Deantae L. Dangerfield." (ECF No. 1 at 1.) He names four agencies as defendants: the Sacramento County Public Defender's Office, the Sacramento County District Attorney's Office, the Sacramento County Sheriff's Department, and the Sacramento County Main Jail. (Id.)

1

Plaintiff cites the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12132 as the basis of his federal claim. He alleges that his brother ("Dangerfield") "has been repeatedly released, prosecuted, and returned to environments where his mental condition deteriorates." (Id. at 5.) In an attached unsigned declaration, plaintiff asserts that Dangerfield has a "long-documented history of mental health disorders and developmental disabilities," as well as substance use disorders, and is unable to make decisions. (Id. at 7.) "Despite this, he has been repeatedly prosecuted and released without treatment or supervision." (Id.) Plaintiff asserts that he and his family have been unable to secure appropriate care for Dangerfield, and that the Public Defender's Office has "refused to request a proper mental health evaluation" and allowed Dangerfield to enter plea agreements "that do not reflect his capacity or his needs." (Id. at 7-8.) This has placed a "significant burden on our family." (Id. at 8.)

In the accompanying motion for preliminary injunction (ECF No. 3), plaintiff seeks the following relief: (1) an order halting any further criminal proceedings against Dangerfield pending a mental health evaluation; (2) an order requiring Dangerfield to be placed in residential treatment facility; and (3) an order recommending a federal investigation of how Dangerfield's case was handled "to determine systemic failures." (Id. at 2.)

### II. Screening under IFP Statute

Plaintiff, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

**A. Legal Standard**

The determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1  has an independent duty to ensure it has subject matter jurisdiction in the case. See United
2  Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

3        Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7
4  (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is
5  to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it
6  appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31
7  (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be
8  given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

9        Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the
10  court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is
11  entitled to relief; and (3) a demand for the relief sought, which may include relief in the
12  alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule
13  8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds)
14  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus
15  litigation on the merits of a claim.").

16        A claim may be dismissed because of the plaintiff's "failure to state a claim upon which
17  relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a
18  cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix,
19  Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a
20  complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic
21  recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
22  555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action,
23  supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678
24  (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a
25  claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff
26  pleads factual content that allows the court to draw the reasonable inference that the defendant is
27  liable for the misconduct alleged." Id.

28        When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

### B. Analysis

At the outset, the court notes that plaintiff, as a pro se litigant, can only bring and prosecute claims on his own behalf.  Courts routinely adhere to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  Here, although the court understands that Dangerfield may be unable to represent himself, plaintiff has not shown, and is unlikely to be able to show, that he can bring federal claims on his brother's behalf.

Second, plaintiff has not established a basis for federal jurisdiction.  The federal courts are courts of limited jurisdiction.  In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue. The complaint asserts this court has subject matter jurisdiction on the basis of a federal question under the ADA.

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  Plaintiff does not allege he (or his brother) was

excluded or discriminated against by reason of a disability, and thus fails to state a claim under the ADA.

Finally, plaintiff's request for injunctive relief in the form of halting criminal proceedings against Dangerfield is barred by the doctrine of Younger v. Harris, 401 U.S. 37, 43-54 (1971). Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief except under extraordinary circumstances. Id. at 43-54.  Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

The first prong of Younger is met because plaintiff's request for injunctive relief appears to concern ongoing state criminal proceedings. See Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988). The second prong of Younger is met because an important state interest is implicated by criminal proceedings. See Kelly v. Robinson, 479 U.S. 36, 49 (1986). The third prong of Younger is also satisfied because state criminal proceedings generally provide an opportunity for federal or constitutional questions to be presented by their nature. Federal courts assume state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987); see also Duke v. Gastelo, 64 F.4th 1088, 1096 (9th Cir. 2023) ("Properly framed, the third requirement for Younger abstention asks whether there remains an opportunity to litigate the federal claim in a state-court proceeding at the time the federal court is considering whether to abstain.")

As the complaint fails to invoke the court's subject matter jurisdiction, it must be dismissed.  Nevertheless, in light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

**C. Standards for Amendment**

If plaintiff elects to file an amended complaint, this new pleading shall:

     i.    be captioned "First Amended Complaint";
     ii.   be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
     iii.  use numbered paragraphs;
     iv.  set forth her various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
     v.   under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
     vi.  include a general background facts section to orient the reader only as necessary;
     vii.  include her statements for jurisdiction, venue, and relief sought as is necessary;
     viii. omit exhibits, documents, photos, or other such "evidence" of his claims (except for any contracts on which she bases any breach of contract claim);
     ix.  refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
     x.   address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

### III.   Motion for Preliminary Injunction

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). Here, as set forth above, the complaint fails to set forth a basis for the court's subject matter jurisdiction and must be dismissed. Accordingly, this court must abstain from issuing the requested preliminary injunction.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Additionally, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 4, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/webb2156.mpi